UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 909 IRVINGTON PLACE, CHESTER PA 19013

Address of Defendant: 925 CHESTNUT STREET, PHILADELPHIA PA 19107

Place of Accident, Incident or Transaction: 833 CHESTNUT STREET, PHILADELPHIA PA 19107

---

**RELATED CASE, IF ANY:** NO

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/20/2020   _Donna R. Hundnell_   _____
                   Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☑ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Donna R. Hundnell, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 3/20/2020   _Donna R. Hundnell_   _____
                   Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Donna R. Hudnell                                              CIVIL ACTION
                          v.
Thomas Jefferson University Hospital              NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (✓)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

3/20/2020        Donna R. Hudnell / Pro Se        Donna R. Hudnell
Date             ~~Attorney-at-law~~              Attorney for

484-716-1872    610-267-0860        donnahudnell@yahoo.com
Telephone       FAX Number          E-Mail Address

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Caption:

_Donna R. Hudnell_

_Full name(s) of Plaintiff(s)_

v.

_Thomas Jefferson University Hospital_

_Full name(s) of Defendant(s)_

**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

CIVIL ACTION
NO._____

This action is brought for discrimination in employment pursuant to (check only those that apply):

- **X** Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
  *NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

- **X** Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634.
  *NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission, and you must have been at least 40 years old at the time you believe that you were discriminated against.*

- **X** Americans with Disability Act of 1990, as codified, 42 U.S.C. §§ 12112-12117.
  *NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

- ___ Pennsylvania Human Relations Act, as codified, 43 Pa. Cons. Stat. §§ 951-963 (race, color, family status, religious creed, ancestry, handicap or disability, age, sex, national origin, the use of a guide or support animal because of blindness, deafness or physical handicap of the user or because the user is a handler or trainer of support or guide animals).

(Rev. 10/2009)

**NOTE:** *In order to bring suit in federal district court under the Pennsylvania Human Relations Act, you must first file a complaint with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations, and then you must wait one year prior to filing a lawsuit.*

## I. Parties in this complaint:

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff  Name: Donna R. Hudnell
Street Address: 909 Irvington Place
County, City: Chester
State & Zip: PA 19013
Telephone Number: 484-716-1872

B. List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page. Attach additional sheets of paper as necessary.

Defendant  Name: Thomas Jefferson University Hospitals, Inc.
Street Address: 925 Chestnut Street, Suite 310
County, City: Philadelphia
State & Zip: PA 19107
Telephone Number: 215-503-4772

C. The address at which I sought employment or was employed by the defendant(s) is:

Employer: Thomas Jefferson University Hospital
Street Address: 833 Chestnut Street
County, City: Philadelphia
State & Zip: PA 19107
Telephone Number: 215-503-4772

## II. Statement of the Claim

A. The discriminatory conduct of which I complain in this action includes (*check only those that apply to your case*):

____ Failure to hire me

__X__ Termination of my employment

____ Failure to promote me

-2-

    __X__    Failure to reasonably accommodate my disability

    _____    Failure to reasonably accommodate my religion

    _____    Failure to stop harassment

    __X__    Unequal terms and conditions of my employment

    _____    Retaliation

    _____    Other (*specify*):_____

**NOTE:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

B.    It is my best recollection that the alleged discriminatory acts occurred or began on or about: (month) __APRIL__, (day) __22__, (year) __2019__.

C.    I believe that the defendant(s) (check one):

    __X__    is still committing these acts against me.
    _____    is **not** still committing these acts against me.

D.    Defendant(s) discriminated against me based on my (*check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged*):

    __X__  race __BLACK__      _____  color _____

    _____  religion _____    _____  gender/sex _____

    _____  national origin _____

    _____  age  My date of birth is _____ (*Give your date of birth only if you are asserting a claim of age discrimination*)

E.    The facts of my case are as follow (*attach additional sheets of paper as necessary*):

I WAS TERMINATED FROM MY JOB AT THOMAS JEFFERSON HOSPITAL ON 10-16-2019 FOR AN EXPIRED MEDICAL MARIJUANA CARD.

\* PLEASE SEE ATTACHED LETTER FOR DETAILED INFORMATION REGARDING MY TERMINATION OF EMPLOYMENT.

**NOTE:** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the Pennsylvania Human Relations Commission, or the Philadelphia Commission on Human Relations.*

### III. Exhaustion of Administrative Remedies:

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on: __4-22-2019__ (*Date*).

B. The Equal Employment Opportunity Commission (*check one*):

   ____ has not issued a Notice of Right to Sue Letter.
   __X__ issued a Notice of Right to Sue Letter, which I received on __01-07-20__ (*Date*).

   **NOTE:** *Attach to this complaint a copy of the Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

C. *Only plaintiffs alleging age discrimination must answer this question.*

   Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct (*check one*):

   __X__ 60 days or more have passed.
   ____ fewer than 60 days have passed.

D. It is my best recollection that I filed a charge with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's alleged discriminatory conduct on: _____ (*Date*).

E. Since filing my charge of discrimination with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's alleged discriminatory conduct (*check one*):

   ____ One year or more has passed.
   ____ Less than one year has passed.

## IV. Relief

**WHEREFORE**, Plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs as well as (*check only those that apply*):

    \_\_\_\_ Direct the defendant to hire the plaintiff.

    \_\_\_\_ Direct the defendant to re-employ the plaintiff.

    \_\_\_\_ Direct the defendant to promote the plaintiff.

    __X__ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

    \_\_\_\_ Direct the defendant to reasonably accommodate the plaintiff's religion.

    \_\_\_\_ Direct the defendant to (*specify*):_____

    __X__ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

    \_\_\_\_ Other (*specify*):_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _20_ day of _MARCH_, 20_20_

        Signature of Plaintiff _Donna R. Hudzell_
        Address
        _909 IRVINGTON PLACE_
        _CHESTER, PA 19013_

        Telephone number _484-716-1872_
        Fax number (*if you have one*) _N/A_

To Whom It May Concern:

I was terminated from job at Thomas Jefferson University Hospital on October 16, 2019 for an expired certified medical marijuana card. I have suffered with chronic back pain for over 20 yrs., and with the recommendation of my pain management doctor of more than 10 yrs., I applied for and received a certified medical marijuana card from a Jefferson physician in August 2018. My pain management doctor also recommended I have epidural injections after I complained of taking the narcotic medications for a long period of time and having to visit him on a monthly basis. I had the 1st epidural injection in right side of my lower back and in April and I actually got some relief from the pain for the first time in years. I had the 2nd injection on the left side done in May 2019 and had trouble using my left leg after having lots of pain.

I began working from home on a full-time basis (40 hr. per week) with a note from my pain management doctor in May 2019, but after attending a family event on July 4, 2019, I had to visit the emergency room on several occasions complaining of the pain on my left side. Shortly afterwards I was unable to walk or sit for any long periods of time and at the request of my doctor I went out of work on disability and required to find and schedule an appointment with a neurosurgeon. After MRI's and CAT Scans and having to wait for long periods of time for doctor's appointments, I was finally scheduled to have laminectomy surgery on November 4, 2019.

When I received my October 1st paycheck and it was not the usual amount, I contacted my HR dept and was informed that I had run out of ETO days and would now only qualify, per short-term disability, for 50% of my full-time salary. I then contacted the Cigna insurance rep and she advised me to try to return to work (from home) on a part-time basis and that way I would receive 50% by working hours and the other 50% would by paid by the insurance. I told her that I had an appointment scheduled with my pain management doctor later that day which was Friday October 11th and would get a note to return to work. I then contacted my HR dept and scheduled a time to come in with my doctor's note and when I got there I was t informed that because I had been out on disability for 90 days, per the Jefferson policy, I would be required to submit to a drug screening. During the nurse's evaluation, I listed all the medications that I currently take and provided her with the prescriptions for the Percocet and the OxyContin as well as the certified medical marijuana card.

The nurse went to make a copy of my credentials and notified me that my medical marijuana card had expired in August. I then explained that I had an appointment scheduled with Dr. Babula on Wednesday October 16th to have the card renewed. The nurse stated, "Dr. Babula in Internal medicine" and I replied, "yes". She then stated, "Dr. Babula on the sixth floor?" and I stated, "yes", and she proceeded with the urine test. On October 16th as I was leaving the doctor's office and he had just renewed my medical marijuana card, I received a phone call as I was leaving Dr. Babula's office and notified by the Jefferson HR Business Partner that I had failed the drug screening and that my job would be termination as of today. I explained that I had just left the doctor's office and the card is now renewed buy he told me that it did not matter and because the card was expired at the time of the test that it would not be valid.

I filed for an appeal with Jefferson HR where I included a written note from Dr. Babula explaining that he would expect the marijuana would still be present in the urine test, because even if the card was expired in August the medication could still be detected in October. I lost the appeal for my job with Jefferson HR and shortly after, filed for unemployment compensation in October and I was denied the unemployment compensation in November. I appealed the decision from the Unemployment

Compensation Agency and while appealing for the unemployment, I submitted the application for Public Welfare Benefits as well as Social Security Disability Benefits. I was granted Welfare benefits in late December. I received SNAP benefits and Aetna Medical Insurance and was able to get the laminectomy surgery on January 27th. In late December, I received notice from the Unemployment agency that the Referee had found in my favor and that I had won the appeal and would be granted the Unemployment Compensation. I was awarded the unemployment compensation and now I no longer qualify for any of the Public Welfare Benefits. I no longer get SNAP benefits or Medical Insurance.

Sincerely,

Donna Hudnell

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Donna R. Hudnell<br>909 Irvington Place<br>Chester Township, PA 19013 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2019-03191 | Legal Unit,<br>Legal Technician | (267) 589-9700 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*/s/ Jamie R. Williamson*        01/07/20

Enclosures(s)      **Jamie R. Williamson,**<br>**District Director**      *(Date Mailed)*

cc:    E. Jane Hix, Esq.<br>
Senior Counsel<br>
THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC.<br>
Office of General Counsel<br>
925 Chestnut Street, Suite 310<br>
Philadelphia, PA 19107

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>530-2019-03191 |
|---|---|---|

Philadelphia Commission On Human Relations _____ and EEOC
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.)<br>Ms. Donna R. Hudnell | Home Phone (Incl. Area Code) | Date of Birth<br>1961 |
|---|---|---|

Street Address: 909 Irvington Place, Chester Township, PA 19013

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>THOMAS JEFFERSON UNIVERSITY HOSPITAL | No. Employees, Members<br>500 or More | Phone No. (Include Area Code) |
|---|---|---|

Street Address: 833 Chestnut Street, Philadelphia, PA 19107

DISCRIMINATION BASED ON (Check appropriate box(es).)
☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-01-2015   Latest: 10-15-2019
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

In 2014, I began employment with Respondent as a temporary employee through a staffing agency. In April of 2015, after a year of employment as a temporary employee, I applied for the Security Analyst I position; however, I was not interviewed or selected. [redacted]. I was eventually was hired as a permanent employee as a Security Analyst I in 2016. I requested a reasonable accommodation of reducing my work hours to 20 hours per week due to my disability and related future scheduled surgery. Soon after my return to work, I was given a drug screening test. During the appointment for the testing, I gave the test administrator my medical marijuana card and prescription for other prescribed pain medication. The administrator noted that the card had expired in August of 2019. I advised that I had an appointment scheduled with my physician to renew my card. On or about 10/16/19, I was notified that I was discharged.

The reason given for the discharge was for failing the drug test.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

10/25/2019  Donna Hudnell
Date  Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 530-2019-03191 |

**Philadelphia Commission On Human Relations** and EEOC
*State or local Agency, if any*

I allege I was discriminated against because of my race (black) and/or color in violation of Title VII of the Civil Rights Act of 1964, as amended, and/or due to my disability and/or record of a disability and/or in retaliation for requesting a disability based accommodation and in violation of the Americans with Disabilities Act of 1990, as amended, in that I was not selected for a permanent position as noted above, I was discipline in April of 2019, Respondent failed to engage in the interactive discussion with me per as required by the ADA and I was discharged. Kate Wojowski was selected for the position noted above in April of 2015 although she had no prior relevant experience and had not previously worked for Respondent. In contrast, I had been working for Respondent in the position for which I applied for a year as a temporary employee. James Lott (white) was given an opportunity to attend a rehabilitation program after testing positive for an illegal drug(s). In contrast to Mr. Lott, I was not given an opportunity to submit my renewed medical marijuana card prior to being discharged. The renewed medical marijuana card was not allowed to be submitted to Respondent within a few days of the drug test Respondent administered and I requested a grievance to be returned to work. I have not been returned to work and have not received a response to Respondent regarding my submission of the renewed medical card and my request to return to work. Respondent failed to engage in the interactive discussion with me as required by the ADA regarding my drug test results as related to my disability and failed to allow me to provide updated medical documentation prior to discharged me. I was legally allowed to use marijuana for medical use in August up until the expiration date. Marijuana remains in a person's system for up to 90 days. The day I was drug tested by Respondent was well within 90 days of the expiration of the drug test, thus, the test indicated a positive result for marijuana.

---

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 10/25/2019  *Donna Hudnell*<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.  **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2.  **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.  **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.  **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.  **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.