IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA R. HUDNELL, <br><br> *Plaintiff,* <br><br> v. <br><br> THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC., <br> *Defendant.* | CIVIL ACTION <br> NO. 20-01621 |

**PAPPERT, J.**                                                                                                       January 7, 2021

## <u>MEMORANDUM</u>

Donna Hudnell sued Thomas Jefferson University Hospitals, Inc. alleging violations of Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act, the Philadelphia Fair Practices Ordinance, the Pennsylvania Medical Marijuana Act and 42 U.S.C. § 1981. Jefferson moves to dismiss the Third Amended Complaint's claims for failure to accommodate and retaliation under the PHRA. The Court denies Jefferson's Motion.

I

The Court discussed the case's relevant factual background in its prior Opinion. *See Hudnell v. Thomas Jefferson Univ. Hosps., Inc.*, 2020 WL 5749924, at *1–2 (E.D. Pa. Sept. 25, 2020). To briefly summarize, Hudnell worked at Jefferson from 2016 to 2019. *Id.* at *1. In 2018, she began experiencing significant back pain and in May of 2019 Jefferson granted her request to work from home full-time. *Id.* Eventually, Hudnell's back pain required surgery and Jefferson granted her leave from July to

1

September of 2019. *Id.* When she requested to return to work in October of 2019, Jefferson required her to take a drug test because she had been on leave for over 90 days. *Id.* Hudnell reported for the drug test and provided the administering nurse copies of her prescriptions, including an expired medical marijuana card. *Id.* The nurse told Hudnell the medical marijuana card had expired in August and proceeded with the drug test. *Id.* After the drug test, Hudnell's doctor re-certified her for medical marijuana use and Hudnell renewed her card, but Jefferson terminated her shortly thereafter. *Id.* Hudnell tried several times to discuss and resolve the situation with Jefferson to no avail. *Id.* at *1–2. She promptly filed discrimination charges and this lawsuit. *Id.* at *2.

The Court previously dismissed Hudnell's PHRA and PFPO claims for failure to exhaust administrative remedies. She has exhausted those remedies and re-alleges the claims in Counts I and III of the Third Amended Complaint. Jefferson moves to dismiss those Counts.

II

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

2

misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When the complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). However, this "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.* This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Connelly*, 809 F.3d at 786–87).

### III

#### A

In Count I, Hudnell alleges Jefferson violated the PHRA by failing to accommodate her disability. Under the PHRA, an employer may not discharge or otherwise discriminate on the basis of a non-job-related handicap or disability. 43 P.S. § 955(a). To state a claim for discrimination under the PHRA, Hudnell must show: (1) she is disabled within the meaning of the PHRA; (2) she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation;

and (3) she suffered an adverse employment decision as a result of the discrimination. *See Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999).[1]

Jefferson moves to dismiss Hudnell's failure to accommodate claim on a single, limited ground. It argues only that Hudnell fails to allege a PHRA-protected disability.[2] (Mot. to Dism. Third Am. Compl. 4–9, ECF No. 27.) The PHRA defines a disability as: "(1) a physical or mental impairment which substantially limits one or more of [a] person's major life activities; (2) a record of having such an impairment; or (3) being regarded as having such an impairment, but such term does not include current, illegal use of or addiction to a controlled substance, as defined in section 102 of the Controlled Substances Act." 43 P.S. § 954. In arguing that Hudnell fails to plead a valid disability under the PHRA, Jefferson misconstrues the Third Amended Complaint and relies on inapposite caselaw. It cites *Palmiter v. Commonwealth Health Sys., Inc.*, No. 20-cv-2544 (Pa. Com. Pl. Lackawanna Cnty. Nov. 10, 2020) to support dismissal, in which the plaintiff argued that her prescribed use of medical marijuana qualified as a disability under the PHRA. Jefferson contends that Hudnell makes the same claim. (Mot. to Dism. at 4–9.) But Hudnell makes no such claim. She alleges she suffered from a herniated disk and "related spinal injuries" which caused her pain and limited

---

[1] "The PHRA is basically the same as the ADA in relevant respects and 'Pennsylvania courts . . . generally interpret the PHRA in accord with its federal counterparts.'" *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 382 (3d Cir. 2002) (citing *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996)).

[2] In arguing that Hudnell does not allege a valid disability under the PHRA, Jefferson says: "Note further that since marijuana is a controlled substance, federal courts have held uniformly that its use is not a 'reasonable accommodation' under the ADA." (Mot. to Dism. Third Am. Compl. 9, ECF No. 27.) To the extent Jefferson intends this to be an independent argument to dismiss Hudnell's failure to accommodate claim, it fails because Hudnell alleges that she requested several accommodations besides marijuana use and that Jefferson failed to engage in the interactive process. *See* (Third Am. Compl. ¶¶ 113–15, ECF No. 25).

her ability to "perform manual tasks, walk, and sleep." (Third Am. Compl. ¶¶ 28, 110, ECF No. 25.)  She also claims that Jefferson previously accommodated this disability by letting her work from home in 2019. (*Id.* at ¶ 29.)  Jefferson further relies on *Harrisburg Area Community College v. Pennsylvania Human Relations Commission*, 2020 WL 6325862 (Pa. Cmmw. Ct. Oct. 29, 2020) ("*HACC*"), in which the Commonwealth Court held that a community college was not required to accommodate medical marijuana use. *Id.* at *12.  But the *HACC* court explicitly acknowledged that the plaintiff in that case alleged valid disabilities—Post-Traumatic Stress Disorder and Irritable Bowel Syndrome—and explained that the issue was whether the college had to accommodate those disabilities by allowing medical marijuana use. *Id.* at *7 n.8. *Palmiter* and *HACC* do not support dismissal here because Hudnell has alleged a disability apart from her medical marijuana use.

B

In Count III, Hudnell alleges Jefferson retaliated against her in violation of the PHRA.  To establish a retaliation claim under the PHRA, Hudnell must allege (1) protected activity, (2) an adverse action by Jefferson either after or contemporaneous with the protected activity and (3) a causal connection between the protected activity and the adverse action. *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 187 (3d Cir. 2003).  Jefferson's argument to dismiss this claim, like its argument to dismiss Count I, is narrow.  It argues only that Hudnell's "report of her medical marijuana usage is not PHRA-protected activity since . . . her usage falls outside the PHRA's definition of 'handicap or disability.'" (Mot. to Dism. at 10.)  This argument fails for two reasons.  First, Hudnell does not claim that her report of medical marijuana usage was

5

protected activity. Instead, she claims her requests for reasonable accommodations for her disability, such as her request to split time between working in Jefferson's office and her home, qualify as protected activity. (Third Am. Compl. at ¶¶ 36, 123–26.) That claim satisfies her burden at this stage of the litigation because "[r]equesting an accommodation is a protected employee activity under the [PHRA]." *Sowell v. Kelly Servs., Inc.*, 139 F. Supp. 3d 684, 702 (E.D. Pa. 2015) (citing *Shellenberger*, 318 F.3d at 191). Second, Jefferson's argument ignores that "[r]etaliation claims differ from discrimination claims under the [PHRA] 'in that they do not require a plaintiff to prove he or she has an actual disability; rather, a plaintiff need only show that he or she requested an accommodation in good faith.'" *Id.* (citing *Barber v. Subway*, 131 F. Supp. 3d 321 (M.D.Pa. 2015) and *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 188 (3d Cir. 2010)). So whether Hudnell's medical marijuana "usage falls outside the PHRA's definition of 'handicap or disability'" has no bearing on whether she states a claim for retaliation. Accordingly, Hudnell has alleged protected activity sufficient to support a retaliation claim.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

6