**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DONNA R. HUDNELL,**

      **Plaintiff,**

**v.**

**THOMAS JEFFERSON UNIVERSITY**
**HOSPITALS, INC.,**

      **Defendant.**

Civil Action No. 2:20-cv-01621-GJP

Hon. Gerald J. Pappert, U.S.D.J.

**DEFENDANT THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC.'S**
**ANSWER WITH AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant Thomas Jefferson University Hospitals, Inc. ("Jefferson"), hereby responds to

the allegations contained in the Third Amended Complaint ("TAC") (ECF No. 25) filed by

Plaintiff Donna R. Hudnell ("Plaintiff") as follows.

      1.      Admitted in part; denied in part.  It is admitted only that Plaintiff has attempted to

state claims against Jefferson under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. §§ 2000e to 2000e-17, the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"),

the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951 to 963, the Philadelphia Fair

Practices Ordinance ("PFPO"), Phila. Code §§ 9-1101 to -1130, and the Pennsylvania Medical

Marijuana Act ("MMA"), 35 P.S. §§ 10231.101 to .2110.  By way of further response, to the

extent that this Paragraph's allegations characterize Plaintiff's TAC, which is a written

document, such document speaks for itself.  Any characterization inconsistent therewith is

denied.  It is specifically denied that Plaintiff has stated a claim for relief under Title VII, Section

1981, the PHRA, the PFPO, or the MMA.  This Paragraph's remaining allegations constitute

conclusions of law to which no responsive pleading is required.  To the extent that a further responsive pleading is required, such allegations are denied.

## PARTIES

2.      Admitted in part; denied in part.  It is admitted only that Plaintiff is an individual. After reasonable investigation, Jefferson lacks sufficient knowledge to admit or deny this Paragraph's remaining allegations.

3.      This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

4.      Denied as stated.  Jefferson has a location at 833 Chestnut Street, Philadelphia, Pennsylvania, and employed Plaintiff from July 2016 to October 2019.  This Paragraph's remaining allegations constitute conclusions of law to which no responsive pleading is required.

5.      Admitted.

6.      Denied as stated.  Jefferson currently employs more than five hundred persons. This Paragraph's remaining allegations constitute conclusions of law to which no responsive pleading is required.

7.      Jefferson is unable to admit or deny this Paragraph's allegations, as the phrase "agents, servants, workmen, and/or employees" is vague and unintelligible in the context of the TAC.  Further, Plaintiff's allegations regarding unidentified agents acting within the "course and scope of their employment" constitutes a conclusion of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

8.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

9.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

## JURISDICTION AND VENUE

10.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.   It is admitted that this Court has jurisdiction over this matter.

11.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.   It is admitted that this Court has jurisdiction over this matter.

12.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  It is admitted that this matter is properly venued in this Court.

13.     Denied as stated.  It is admitted that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and that the Charge is attached to the TAC.  After reasonable investigation, Jefferson lacks sufficient knowledge to admit or deny this Paragraph's remaining allegations.

14.     Jefferson is unable to admit or deny this Paragraph's allegations, as the phrase "acts of discrimination" is vague and unintelligible in the context of the TAC.  By way of further response, this Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

15.     Admitted in part; denied in part.  It is admitted only that Exhibit B to Plaintiff's

TAC bears the title "Dismissal and Notice of Rights" and a "Date Mailed" of January 7, 2020.

After reasonable investigation, Jefferson lacks sufficient knowledge to admit or deny this

Paragraph's remaining allegations.

16.     Admitted in part; denied in part.  It is admitted only that document ECF No. 2 in

the instant matter bears a timestamp of March 20, 2020.  After reasonable investigation,

Jefferson lacks sufficient knowledge to admit or deny this Paragraph's remaining allegations.

17.     This Paragraph's allegations constitute conclusions of law to which no responsive

pleading is required.  To the extent that a responsive pleading is required, this Paragraph's

allegations are denied.

## FACTUAL ALLEGATIONS

18.     Denied as stated.  Plaintiff worked for Jefferson through a staffing agency as an

outside temporary employee prior to July 2016.  After reasonable investigation, Jefferson is

without sufficient knowledge to admit or deny this Paragraph's allegations.

19.     Admitted.

20.     Admitted in part; denied in part.  It is admitted only that Plaintiff's responsibilities

as a Security Analyst I included maintaining identity and access-management controls for

Jefferson's information systems.  It is denied that this Paragraph fully or accurately sets forth the

responsibilities of Plaintiff's position.

21.     Admitted.

22.     Jefferson is unable to admit or deny this Paragraph's allegations, as the terms

"consistently performed" and "excellent manner" are vague and unintelligible in the context of

the TAC.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

23.     Jefferson is unable to admit or deny this Paragraph's allegations, as the terms "significant pain," "disabilities" and "manual tasks" are vague and unintelligible in the context of the TAC.  After reasonable investigation, Jefferson lacks sufficient knowledge to admit or deny this Paragraph's allegations.

24.     After reasonable investigation, Jefferson lacks sufficient knowledge to admit or deny this Paragraph's allegations. To the extent that Plaintiff's allegations are an attempt to characterize her physical status as a "disability," such allegation constitutes a conclusion of law to which no responsive pleading is required.

25.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

26.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

27.     Jefferson is unable to admit or deny this Paragraph's allegations, as the term "disabilities" is vague and unintelligible in the context of the TAC.  To the extent that Plaintiff's allegations are an attempt to characterize her physical status as a "disability," such allegation constitutes a conclusion of law to which no responsive pleading is required.  Moreover, after reasonable investigation, Jefferson lacks sufficient knowledge to admit or deny this Paragraph's allegations.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

28.     Jefferson is unable to admit or deny this Paragraph's allegations, as the terms and phrases "increased pain," "disabilities," "even further limited" and "manual tasks" are vague and unintelligible in the context of the TAC.  Further, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph. To the extent that Plaintiff's allegations are an attempt to characterize her physical status as a "disability," such allegation constitutes a conclusion of law to which no responsive pleading is required.

29.     Admitted in part; denied in part.  It is admitted only that Jefferson granted Plaintiff's request to work from home.  Jefferson is unable to admit or deny this Paragraph's remaining allegations, as the term "increased pain" is vague and unintelligible in the context of the TAC. Further, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.  Further, Plaintiff's use of the term "reasonable accommodation" constitutes a conclusion of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's remaining allegations are denied.

30.     Jefferson is unable to admit or deny this Paragraph's allegations, as the terms "accident," "exacerbated" and "disabilities" are vague and unintelligible in the context of the TAC. Further, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph. To the extent that Plaintiff's allegations are an attempt to characterize her physical status as a "disability," such allegation constitutes a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

31.     Jefferson is unable to admit or deny this Paragraph's allegations, as the terms "accident," "effectively incapacitated" and "long periods of time" are vague and unintelligible in the context of the TAC.  Further, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph. To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

32.     Jefferson is unable to admit or deny this Paragraph's allegations, as the terms "incapacitated" and "periods of time" are vague and unintelligible in the context of the TAC. Further, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph. To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

33.     Jefferson is unable to admit or deny this Paragraph's allegations, as the terms "disabilities" and "her doctor" are vague and unintelligible in the context of the TAC.  In particular, Plaintiff has failed to identify the "doctor" in question.  Further, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph. To the extent that Plaintiff's allegations are an attempt to characterize her physical status as a "disability," such allegation constitutes a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

34.     Jefferson is unable to admit or deny this Paragraph's allegations, as the phrases "some of her pain" and "completely heal" are vague and unintelligible in the context of the TAC. Further, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph. To the extent that Plaintiff's allegations are an attempt to characterize her physical status as a "disability," such allegation constitutes a

conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

35.     Denied as stated.  On August 6, 2019, Jefferson's third-party leave administrator—Cigna Leave Solutions—approved Plaintiff's request for medical leave for the period of July 5, 2019, to October 31, 2019.

36.     Admitted.

37.     It is admitted that Jefferson's policy is that an employee returning from a medical leave is required to provide a clearance from his/her physician and that if an employee is on leave for 90 days or more, that he/she will be required to undergo a background check and will be required to submit to a drug screen before returning to the workplace.  Jefferson is unable to admit or deny the specific allegation that Plaintiff was "informed" of the policy as Plaintiff has failed to identify how or by whom she was allegedly informed of the above.

38.     Inasmuch as Plaintiff has failed to identify the "doctor" in question, Jefferson is unable to admit or deny this specific allegation.  Further, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.  Defendant admits that it is aware of a note requesting that Plaintiff be permitted to work from home 20 hours per week.

39.     Denied as stated.  It is admitted that, as set forth in response to Paragraph 37, Plaintiff was required to submit to a drug screen as part of her return to work examination at Jefferson Occupational Health Network.  It is specifically denied that Plaintiff visited Jefferson "in order to take a drug screen."

40.     Jefferson is unable to admit or deny this Paragraph's allegations, as the term "TJUH nurse" is vague and unintelligible in the context of the TAC.  Notwithstanding this

deficiency, it is admitted that on October 11, 2019, Barbara Symons told Plaintiff that she would need to provide prescriptions for her current medications, consistent with Jefferson's policy.

41.     Jefferson is unable to admit or deny this Paragraph's allegations, as the term "TJUH nurse" is vague and unintelligible in the context of the TAC.  Notwithstanding this deficiency, it is admitted that Jefferson received from Plaintiff copies of two prescriptions on October 11, 2019 and was able to make a copy of a medical marijuana card.

42.     Jefferson is unable to admit or deny this Paragraph's allegations, as the term "TJUH nurse" is vague and unintelligible in the context of the TAC.  Notwithstanding this deficiency, it is admitted that on October 11, 2019, Barbara Symons stated to Plaintiff that the medical marijuana card presented was expired.

43.     After reasonable investigation, Jefferson lacks sufficient knowledge to admit or deny this Paragraph's allegations.

44.     Jefferson is unable to admit or deny this Paragraph's allegations, as the term "TJUH nurse" is vague and unintelligible in the context of the TAC.  Notwithstanding this deficiency, after reasonable investigation, Jefferson lacks sufficient knowledge to admit or deny this Paragraph's allegations.

45.     Jefferson is unable to admit or deny this Paragraph's allegations, as the term "TJUH nurse" is vague and unintelligible in the context of the TAC.  Notwithstanding this deficiency, it is admitted that Plaintiff submitted a urine sample as part of her drug screen on October 11, 2019.

46.     Jefferson is unable to admit or deny this Paragraph's allegations, as the term "the nurse" is vague and unintelligible in the context of the TAC.  Notwithstanding this deficiency, it

is admitted that Plaintiff queried Barbara Symon as to whether she would be able to return to work on October 14, 2019.

47.     Jefferson is unable to admit or deny this Paragraph's allegations, as the terms "TJUH nurse" and "positive" are vague and unintelligible in the context of the TAC.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

48.     Jefferson is unable to admit or deny this Paragraph's allegations, as the term "the nurse" is vague and unintelligible in the context of the TAC.  Notwithstanding this deficiency, it is admitted only that Plaintiff informed Jefferson Occupational Health Network staff of her medical marijuana card and two other prescriptions on October 11, 2019.

49.     Jefferson is unable to admit or deny this Paragraph's allegations, as the term "TJUH nurse" is vague and unintelligible in the context of the TAC.  Notwithstanding this deficiency, after reasonable investigation, Jefferson lacks sufficient knowledge to admit or deny this Paragraph's allegations.

50.     After reasonable investigation, Jefferson lacks sufficient knowledge to admit or deny this Paragraph's allegations.

51.     Jefferson is unable to admit or deny this Paragraph's allegations, as the term "TJUH nurse" is vague and unintelligible in the context of the TAC.  Notwithstanding this deficiency, it is admitted only that Barbara Symons, CRNP, handed Plaintiff a copy of Jefferson's Drug and Alcohol Policy on October 11, 2019.

52.     Jefferson is unable to admit or deny this Paragraph's allegations, as the term "TJUH nurse" is vague and unintelligible in the context of the TAC.  Notwithstanding this deficiency, after reasonable investigation, Jefferson lacks sufficient knowledge to admit or deny this Paragraph's allegations.

53.     Jefferson is unable to admit or deny this Paragraph's allegations, as the terms "TJUH nurse" and "disabilities" are vague and unintelligible in the context of the TAC.  To the extent that Plaintiff's allegations are an attempt to characterize her physical status as a "disability," such allegation constitutes a conclusion of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

54.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

55.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

56.     After reasonable investigation, Jefferson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Further, this Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

57.     Denied as stated.  It is admitted only that Erik Johnson advised Plaintiff by phone that Jefferson was terminating her employment.

58.     After reasonable investigation, Jefferson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

59.     After reasonable investigation, Jefferson lacks sufficient knowledge to admit or deny this Paragraph's allegations.

60. Denied as stated. Erik Johnson informed Plaintiff by phone that her employment with Jefferson was being terminated. The remaining allegations contained in this paragraph are denied.

61. Denied as stated. Erik Johnson informed Plaintiff that Jefferson's Drug and Alcohol Policy required an employee using medical marijuana to present a valid and unexpired medical-marijuana card at the time of the employee's drug screen.

62. Denied as stated. On October 21, 2019, Erik Johnson emailed a copy of Jefferson's Grievance Procedures Policy to Plaintiff and outlined the next steps in the grievance process for Plaintiff.

63. Admitted in part; denied in part. It is admitted only that Plaintiff sent Erik Johnson an email on October 20, 2019. Plaintiff's message is a document in writing which speaks for itself.

64. Admitted in part; denied in part. It is admitted only that Erik Johnson sent Plaintiff an email on October 21, 2019. Mr. Johnson's message is a document in writing which speaks for itself.

65. Admitted.

66. The allegations contained in paragraph 66 constitute conclusions of law to which no responsive pleading is required. To the extent that a responsive pleading is required, such allegations are denied.

67. Admitted in part; denied in part. It is admitted only that Plaintiff sent Alyse Williams an email on October 21, 2019. Plaintiff's message is a document in writing which speaks for itself.

68.     Jefferson is unable to admit or deny this Paragraph's allegations, as the term "responded" is vague and unintelligible in the context of the TAC.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

69.     Admitted in part; denied in part.  It is admitted only that Kristin Kelleher sent Plaintiff an email on October 23, 2019.  Ms. Kelleher's message is a document in writing which speaks for itself.

70.     Admitted.

71.     Admitted in part; denied in part.  It is admitted only that Kristin Kelleher discussed Plaintiff's grievance during a phone conversation with Plaintiff on October 24, 2019. The remaining allegations contained in paragraph 71 are denied.

72.     Jefferson is unable to admit or deny this Paragraph's allegations, as the term "disabilities" is vague and unintelligible in the context of the TAC.  To the extent that Plaintiff's allegations are an attempt to characterize her physical status as a "disability," such allegation constitutes a conclusion of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

73.     Admitted in part; denied in part.  It is admitted only that Kristin Kelleher discussed Plaintiff's grievance during a phone conversation with Plaintiff on October 24, 2019. The remaining allegations contained in paragraph 73 of the TAC are denied.

74.     Admitted in part; denied in part.  It is admitted only that Kristin Kelleher discussed Plaintiff's grievance during a phone conversation with Plaintiff on October 24, 2019. The remaining allegations contained in paragraph 74 of the TAC are denied.

75.     Admitted in part; denied in part.  It is admitted only that Kristin Kelleher discussed Plaintiff's grievance during a phone conversation with Plaintiff on October 24, 2019. The remaining allegations contained in paragraph 75 of the TAC are denied.

76.     Admitted in part; denied in part.  It is admitted only that Kristin Kelleher discussed Plaintiff's grievance during a phone conversation with Plaintiff on October 24, 2019 and that she referred to Jefferson's policies during the call.  The remaining allegations contained in this paragraph are denied.

77.     Admitted in part; denied in part.  It is admitted only that Kristin Kelleher discussed Plaintiff's grievance during a phone conversation with Plaintiff on October 24, 2019 and that she referred to Jefferson's policies during the call.  The remaining allegations contained in this paragraph are denied.

78.     Admitted in part; denied in part.  It is admitted only that Kristin Kelleher discussed Plaintiff's grievance during a phone conversation with Plaintiff on October 24, 2019 and advised that additional information regarding Plaintiff's medications at the time of the return to work assessment would be considered.  The remaining allegations contained in the paragraph are denied.

79.     Admitted in part; denied in part.  It is admitted only that Plaintiff sent an email to Bracken Babula, M.D., and Kristin Kelleher on October 24, 2019.  Plaintiff's message is a document in writing which speaks for itself.

80.     Admitted in part; denied in part.  It is admitted only that Plaintiff sent an email to Bracken Babula, M.D., and Kristin Kelleher on October 24, 2019.  Plaintiff's message is a document in writing which speaks for itself.

81.     Admitted in part; denied in part.  It is admitted only that Plaintiff sent an email to Bracken Babula, M.D., and Kristin Kelleher on October 24, 2019.  Plaintiff's message is a document in writing which speaks for itself.

82.     Admitted in part; denied in part.  It is admitted only that Plaintiff sent an email to Bracken Babula, M.D., and Kristin Kelleher on October 24, 2019.  Plaintiff's message is a document in writing which speaks for itself.

83.     Admitted in part; denied in part.  It is admitted only that Plaintiff sent an email to Bracken Babula, M.D., and Kristin Kelleher on October 24, 2019.  Plaintiff's message is a document in writing which speaks for itself.

84.     Admitted in part; denied in part.  It is admitted only that Plaintiff sent an email to Bracken Babula, M.D., and Kristin Kelleher on October 24, 2019.  Plaintiff's message is a document in writing which speaks for itself.

85.     Jefferson is unable to admit or deny this Paragraph's allegations, as the term "responded" is vague and unintelligible in the context of the TAC.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

86.     Admitted in part; denied in part.  It is admitted only that Bracken Babula, M.D., sent a letter to Plaintiff on October 25, 2019, bearing the subject line "Patient Name: Donna R. Hudnell."  Dr. Babula's letter is a document in writing which speaks for itself.

87.      After reasonable investigation, Jefferson is unable to  admit what Ms. Kelleher "understood" after receiving Dr. Babula's letter inasmuch as the letter does not address Plaintiff's violation of Jefferson's policy at the time of her return to work assessment.

88.     Jefferson is unable to admit or deny this Paragraph's allegations, as the term "responded" is vague and unintelligible in the context of the TAC.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

89.     Admitted.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

95.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

96.     Admitted in part; denied in part.  It is admitted only that Kristin Kelleher authored a letter to Plaintiff dated October 29, 2019.  Ms. Kelleher's letter is a document in writing which speaks for itself.

97.     Jefferson is unable to admit or deny this Paragraph's allegations, as the terms "essential functions" and "off-duty use" are vague and unintelligible in the context of the TAC. By way of further response, in light of Jefferson's policy, specifically relating to Plaintiff testing positive for marijuana without a valid card under Pennsylvania law, Jefferson was not in a position to assess Plaintiff's "off duty use of medicinal marijuana."

98.     Jefferson is unable to admit or deny this Paragraph's allegations, as the terms "any risk," "others" and "off-duty use" are vague and unintelligible in the context of the TAC.

99.     Jefferson is unable to admit or deny this Paragraph's allegations, as the terms "equally effective," "alternative medication," "disabilities" and "objectionable" are vague and unintelligible in the context of the TAC.  To the extent that Plaintiff's allegations are an attempt to characterize her physical status as a "disability," such allegation constitutes a conclusion of law to which no responsive pleading is required.

100.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

101.     Inasmuch as Plaintiff has failed to identify the "white man" in question, Jefferson is unable to admit or deny this specific allegation.

102.     Inasmuch as Plaintiff has failed to identify the "white man" in question, Jefferson is unable to admit or deny this specific allegation.  Moreover, this Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

103.     Inasmuch as Plaintiff has failed to identify the "white man" in question, Jefferson is unable to admit or deny this specific allegation.

104.     Inasmuch as Plaintiff has failed to identify the "white man" in question, Jefferson is unable to admit or deny this specific allegation.  Moreover, this Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

105.     Inasmuch as Plaintiff has failed to identify the "white employees" in question, Jefferson is unable to admit or deny this specific allegation.

106.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.  It is specifically denied that Jefferson treated Plaintiff in an unlawful fashion at any time or caused her damages of any kind.

107.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.  It is specifically denied that Jefferson treated Plaintiff in an unlawful fashion at any time or caused her damages of any kind.

108.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.  It is specifically denied that Jefferson treated Plaintiff in an unlawful fashion at any time or caused her damages of any kind.

**COUNTS 1-2**
**Disability Discrimination — Failure to Accommodate — (1) PHRA and (2) PFPO**

109.     The foregoing Paragraphs are incorporated herein by reference as though fully set forth.

110.     After reasonable investigation, Jefferson is without knowledge or information sufficient to form a belief as to the specific medical conditions identified.  Furthermore, this Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

111.    Jefferson is unable to admit or deny this Paragraph's allegations, as the terms "disabilities," "substantially limit" and "manual tasks" are vague and unintelligible in the context of the TAC.  Furthermore, this Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

112.    Jefferson is unable to admit or deny this Paragraph's allegations, as the term "disabilities" is vague and unintelligible in the context of the TAC.  Moreover, Plaintiff fails to identify which Jefferson personnel were "aware" of the facts alleged. Furthermore, this Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

113.    This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

114.    This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

115.    This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

116.    This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

117.    This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  It is admitted only that Jefferson terminated Plaintiff's employment.  It is specifically denied that Jefferson terminated Plaintiff's employment for any unlawful reason.

118.    This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

119.    This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

120.    This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

121.    This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

## COUNTS 3-4
### Disability Discrimination — Retaliation — (3) PHRA and (4) PFPO

122.    The foregoing Paragraphs are incorporated herein by reference as though fully set forth.

123.    This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

124.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

125.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

126.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

127.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

128.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

129.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

130.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

## COUNT 5
## MMA Discrimination

131.    The foregoing Paragraphs are incorporated herein by reference as though fully set forth.

132.    Admitted in part; denied in part.  It is admitted only that this Paragraph accurately quotes a portion of 35 P.S. § 10231.2103(b).  It is denied that this Paragraph fully sets forth the entire text of 35 P.S. § 10231.2103(b).

133.    This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

134.    This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

135.    This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

136.    Denied.

137.    Inasmuch as Plaintiff has failed to identify the Jefferson personnel who "knew" of the facts alleged in this Paragraph and inasmuch as Jefferson lacks knowledge of the mental state of Bracken Babula, M.D., Jefferson is unable to admit or deny this specific allegation.  By way of further responses, Dr. Bracken's letter did not address Plaintiff's violation of Jefferson policy.

138.    This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

139.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

140.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

141.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

**COUNTS 6-9**
**Race Discrimination — (6) Section 1981, (7) Title VII, (8) PHRA, and (9) PFPO**

142.     The foregoing Paragraphs are incorporated herein by reference as though fully set forth.

143.     Admitted in part; denied in part.  It is admitted only that Plaintiff represented herself to Jefferson as a black female.

144.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

145.     This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

146.     Inasmuch as Plaintiff has failed to identify the "white man" in question, Jefferson is unable to admit or deny this specific allegation.

147.   Inasmuch as Plaintiff has failed to identify the "white employees" in question, Jefferson is unable to admit or deny this specific allegation.

148.   This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

149.   This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

150.   This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

151.   This Paragraph's allegations constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, this Paragraph's allegations are denied.

## **JURY TRIAL**

152.   This Paragraph consists of a request to the Court which does not require a responsive pleading.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered and responded to the allegations of Plaintiff's Third Amended Complaint, Jefferson respectfully requests that:

1.   Plaintiff's claims be dismissed with prejudice and in their entirety;

2.   Each and every prayer for relief contained in the Third Amended Complaint be denied;

3.   Judgment be entered in favor of Jefferson;

4.      All costs, including reasonable attorneys' fees, be awarded to Jefferson and against Plaintiff pursuant to applicable laws; and

5.      Jefferson be granted such other relief as this Court may deem just and proper.

WHEREFORE, Jefferson respectfully requests that this Honorable Court enter judgment dismissing the Third Amended Complaint of Plaintiff Donna R. Hudnell, with prejudice.

## AFFIRMATIVE DEFENSES

Jefferson states the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.  Jefferson also reserves the right to assert such additional defenses as may be revealed through discovery or become applicable during the course of this litigation.

### FIRST AFFIRMATIVE DEFENSE

The TAC fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

At all material times, any actions taken by Jefferson with respect to the terms, conditions, or privileges of Plaintiff's employment were taken for legitimate, non-discriminatory, non-retaliatory reasons.

### THIRD AFFIRMATIVE DEFENSE

At all material times, any actions taken by Jefferson with respect to the terms, conditions, or privileges of Plaintiff's employment were taken in good faith, and Jefferson had reasonable grounds to believe that its conduct was not a violation of Title VII, Section 1981, the PHRA, the PFPO, the MMA, or any statute or law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages or losses, such damages or losses were caused, in whole or in part, by Plaintiff's own acts, omissions, or conduct.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are or may be barred, in whole or in part, by her failure to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

No action or inaction of Jefferson caused Plaintiff harm at any time.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's TAC fails to state a cognizable claim for compensatory or punitive damages.

## NINTH AFFIRMATIVE DEFENSE

Jefferson did not aid, abet, ratify, condone, encourage, or acquiesce in any alleged discriminatory or retaliatory conduct.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any of the relief sought, including without limitation punitive damages, because, assuming (without conceding) that Plaintiff was the victim of unlawful conduct, Jefferson would have taken the same action in the absence of any impermissible motivating factor.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's TAC fails to state facts sufficient to state a claim which would entitle Plaintiff to an award for costs or attorneys' fees.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because she was not "an individual who [wa]s certified to use medical marijuana" at the time of her October 11, 2019 drug test and was thus not an MMA-protected employee at that time.  MMA § 2103(b)(1).

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because the federal Controlled Substances Act prohibits the use of marijuana with or without medical authorization.  21 U.S.C. § 812(b)(1)(C) & Schedule I.

## FOURTEENTH AFFIRMATIVE DEFENSE

Jefferson did not violate the MMA's employment provision, which only prohibits adverse employment actions based on one's "status as an individual who is certified to use medical marijuana," but does not prohibit adverse employment actions based on one's failure to pass a drug test.  MMA § 2103(b)(1).

POST & SCHELL, P.C.

Dated: January 28, 2021          By:      /s/ Sidney R. Steinberg
                                           Sidney R. Steinberg, Esquire
                                           ssteinberg@postschell.com
                                           Daniel F. Thornton, Esquire
                                           dthornton@postschell.com
                                           Four Penn Center
                                           1600 John F. Kennedy Blvd, 14th Fl
                                           Philadelphia, PA 19103
                                           215-587-1000

                                           Counsel for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Answer with Affirmative Defenses to Plaintiff's Third

Amended Complaint has been electronically filed with the Court and served via electronic filing

upon the following persons:

Greg H. Greubel, Esq.
Greubel Legal Services
744 South Street, Suite 715
Philadelphia, PA 19147
greg@glshelp.com

*Counsel for Plaintiff*

**POST & SCHELL, P.C.**

Dated: <u>January 28, 2021</u>          By:     */s/ Daniel F. Thornton*
Sidney R. Steinberg, Esquire
ssteinberg@postschell.com
Daniel F. Thornton, Esquire
dthornton@postschell.com
Four Penn Center
1600 John F. Kennedy Blvd, 14th Fl
Philadelphia, PA 19103
215-587-1000

*Counsel for Defendant*